**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah L Pierson, | No. CV10-1048-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Patrick R. Donahoe, Postmaster General, | |
| Defendant. | |

Plaintiff filed an amended complaint pursuant to this Court's order dated December 29, 2010 (Doc. 14). Doc. 15. Defendant now moves to dismiss Counts II (sex discrimination), III (age discrimination), and IV (retaliation) with prejudice under Federal Rule of Civil Procedure 12(b)(6). Doc. 16. Plaintiff opposes as to Count II and the gender-discrimination retaliation portion of Count IV, but expresses the intent to withdraw Count III.[1] Doc. 17. The motion has been fully briefed. Docs. 16, 17, 18. For the reasons stated below, the Court will grant the motion in part and dismiss Counts II-IV without prejudice.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation

---

[1] Plaintiff has not yet filed a formal motion to withdraw Count III.

1    omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). At a minimum a plaintiff must plead allegations that are "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it," and the "allegations must be sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, ___ F.3d ___, 2011 WL 477094, *14 (9th Cir. 2011).

The Court's December 29 order suggested that Plaintiff's earlier attempted amended complaint (Doc. 11), which was stricken on procedural grounds, "does not adequately set forth the basis for her age discrimination, sex discrimination, and retaliation claims." Doc. 14 at 2:4-5. Plaintiff's properly-amended complaint (Doc. 15) contains allegations that are not materially different from those in the stricken complaint with respect to the gender-discrimination, age-discrimination, and retaliation claims. *Compare* Doc. 15 *with* Doc. 11. Moreover, Plaintiff no longer defends her claims related to age discrimination. Doc. 17.

The Court finds that the allegations in the amended complaint do not give fair notice of the nature of Plaintiff's gender-discrimination, age-discrimination, and retaliation claims. As an example, Plaintiff does not allege which, if any, of Defendant's acts were taken because of Plaintiff's gender or age, and does not establish a causal link between her administrative claims and any alleged retaliatory conduct. *See* 42 U.S.C. § 2000e-2(a)(1)

1  (declaring as unlawful discrimination with respect to certain aspects of employment "because
2  of," *inter alia*, an individual's gender); *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir.
3  2011) ("To establish a prima facie case [for retaliation], the employee must show that [s]he
4  engaged in a protected activity, [s]he was subsequently subjected to an adverse employment
5  action, and that a causal link exists between the two."); *Cornwell v. Electra Cent. Credit
6  Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (listing the following among the prima facie
7  elements of Title VII "disparate treatment" claims: "that the plaintiff performed his or her
8  job satisfactorily; . . . [and] that the plaintiff's employer treated the plaintiff differently than
9  a similarly situated employee who does not belong to the same protected class as the
10 plaintiff") (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

11      Plaintiff argues that her agency file contains sufficient facts to give Defendant notice
12 of the claim. *See* Doc. 17 at 2. Plaintiff has cited no law for the proposition that the presence
13 of factual allegations in an agency file obviates the need for Plaintiff's complaint to allege
14 the facts required by her causes of action. Counts II, III, and IV will be dismissed without
15 prejudice.

16      **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 16) is **granted in part**
17 as stated above.

18      DATED this 8th day of March, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge